UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAHFIR AZIZ YASEEN | : | NO.: 3:23-CV-01042(OAW) |
| V. | : | |
| BRISTOL POLICE DEPARTMENT, | : | |
| CITY OF BRISTOL & | : | |
| BRISTOL POLICE COMMISSION | : | SEPTEMBER 30, 2023 |

OCT 2 2023 AM 11:14
FILED-USDC-CT-HARTFORD

**PLAINTIFFS' AMENDED COMPLAINT**

1. At all relevant times, the plaintiff, Dahfir A. Yaseen (hereinafter "the plaintiff"), was a resident of Bristol, Connecticut.

2. At all relevant times, the defendants, the Bristol Police Department, the City of Bristol, and the Bristol Police Commission (hereinafter "the defendants"), are a law enforcement agency registered with the State of Connecticut, a municipality within the State of Connecticut, and a legal entity created by § 19:16 of the Bristol City Charter, respectively.

3. At all times mentioned herein, the Bristol Police Department is located at 131 North main, Bristol, Connecticut, 06010.

4. At all times mentioned herein, the municipal agents of the City of Bristol and the Bristol Police Commission are located at 111 North Main Street, Bristol, Connecticut, 06010, and the temporary City Hall at 150 Main Street, Bristol, Connecticut, 06010.

5. The plaintiff was threatened by Ayub Alhasani (hereinafter "Alhasani") who resides in New

Britain, Connecticut. Alhasani contacted the plaintiffs brother, Samir Yaseen (hereinafter "Samir").

6. In the conversation between Alhasani and Samir, Alhasani made comments threatening the safety of the plaintiff and promised to continue to harass the plaintiff and his family.

7. The comments made by Alhasani about the plaintiff caused the plaintiff to fear for the physical safety of him and his family, and the continued harassment caused great emotional distress to the plaintiff.

8. On or about July 22, 2021, the plaintiff went to the Bristol Police Department to file a police report regarding the comments Alhasani had made. Officer Charles Jacobs received the plaintiff at the front desk.

9. The Bristol Police Department contacted Samir via telephone in order to conduct an investigation. The phone call was recorded by Bristol Police Department and the plaintiff has obtained a copy of it.

10. On or about July 22, 2021, the Bristol Police Department gave the plaintiff a copy of the incident report.

11. Upon reading the incident report, the plaintiff and Samir came to the conclusion that the incident report did not reflect what was discussed during the investigation conducted with Samir. Integral language which would show the veracity of the complaint were left out of the report. Moreso, highly concerning threats of violence and harassment stated by Alhasani regarding the plaintiff were completely left out of the incident report.

12. Alhasani told the witness "I am calling you and letting you know just in case something will happen to Dahfir A. Yaseen and his family".

13. In the recorded phone call at minute 1:43, Officer Jacobs asks Samir "Do you think he's got the ability to do something in the future?"

14. In the recorded phone call at 1:51, Samir responded, "Well I am not sure, I don't know him well. All what I know is that he's a guy from New Britain".

15. In CASE/INCIDENT REPORT CFS NO. 2100024466 signed by Officer Charles Jacobs, it states "Samir said he would not expect Ayoob [Alhasani] to take any action against his brother Dahfir and said that he felt that Ayoob was only venting his frustration to Samir".

16. The Bristol Police Department told the plaintiff that there is nothing they can do based on the case/incident report and that Alhasani did not threaten the plaintiff.

17. The defendants' failure to create and provide an accurate incident report allowed the Bristol Police Department to decide not to further investigate the plaintiff's claim.

18. The inaccurate report was not a discretionary or conclusory determination made by the officer, rather a complete failure to address or include the claims made by the plaintiff and investigated by the officer with Samir.

19. The failure of the defendant to give access to equal protection of the law to the plaintiff is further exemplified by an incident which occurred on around about September 2020. The plaintiff went to the Bristol Police Department making a complaint that Alhasani and others were threatening to rape and sexually assault his wife, Ashwaq, and post her pictures on adult websites as an act of revenge porn.

20. In response to the plaintiff's complaint, the Bristol Police Department stated they could do nothing, and told them to call Homeland Security. The plaintiff then proceeded to seek protection through the Southington Police Department who provided the plaintiff with the information for

an agent with the Federal Bureau of Investigation.

21. The plaintiff's emotional distress were proximately caused by the failure of the defendant's prescribed duties to properly report what they learned from the investigation.

22. The defendant engaged in a pattern or practice of conduct that deprived the plaintiff of his rights protected by the Constitution and laws of the United States.

23. The actions of the defendants also give rise to an inference of discrimination. Plaintiff had made an additional complaint on April 26, 2023, regarding his monetized Youtube account being hacked and disabled.

24. The Bristol Police Department eventually provided an unredacted police report which included bizarre references to the Prime Minister of Iraq and had changed the name of the suspect to and from various Arabic sounding names, and never appropriately corrected the police report to reflect the name of the suspected individual.

25. The culmination of these interactions with Bristol Police Department shows a pattern of discrimination in failing to appropriately respond to the plaintiff's complaints, and the bizarre shifts in the defendant's incident reports brings an inference of discrimination.

26. As a proximate result of the defendant's duty to properly create an incident report, the plaintiff, Dahfir A. Yaseen and his family, suffered the following emotional distress, some or all of which are permanent in nature and which medical expenses were encurred:

    a. Diminished quality of life;
    b. Embarrassment or humiliation;
    c. Loss of Sleep;
    d. Psychological trauma;

14. As a further direct and proximate result of the defendant's negligence and/or carelessness, the plaintiff has been caused to suffer from shock, fear, anxiety and emotional distress.

**WHEREFORE**, the plaintiff, Dahfir A. Yaseen Seeks the following reliefs:

1. Monetary damages; and
2. Such other relief as the court deems just and appropriate.

The Plaintiff,
Dahfir A. Yaseen

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAHFIR AZIZ YASEEN | : | NO.: 3:23-CV-01042(OAW) |
| V. | : | |
| BRISTOL POLICE DEPARTMENT, | : | |
| CITY OF BRISTOL & | : | |
| BRISTOL POLICE COMMISSION | : | SEPTEMBER 30, 2023 |

## STATEMENT OF AMOUNT IN DEMAND

The plaintiff, Dahfir A. Yaseen, claims monetary damages in an amount of $550,000.

        The Plaintiff
        Dahfir A. Yaseen

## CERTIFICATION

This is to certify that on **October 2, 2023**, a copy of the foregoing Amended Complaint & Summons were filed electronically and/or served by mail. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

/s/ Kristan M. Jakiela
100 Great Meadow Road, Suite 201
Wethersfield, CT 06109
KJakiela@hl-law.com

City Of Bristol
150 Main St
Bristol, CT 06010

Bristol Police Commission
150 Main St
Bristol, CT 06010

Dahfir Aziz Yaseen